NOS.
12-06-00132-CR

                                           12-06-00133-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MARTIN GAMEZ,    §                      APPEALS FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

PER CURIAM

            Martin Gamez
appeals the revocation of his community supervision.  Appellant pleaded guilty to two separate
offenses of driving while intoxicated and was placed on community
supervision.  Later, Appellant was found
to have violated the terms of his community supervision and sentenced to a term
of imprisonment.  His appellate counsel
has filed a brief in compliance with Anders v. California, 386
U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).[1]  We affirm.

 

Background








            A
Smith County grand jury indicted Appellant in each of two cases for the offense
of driving while intoxicated.  In each
case, the indictment alleged that Appellant had twice before been convicted of
driving while intoxicated, making the offenses felonies of the third
degree.  See Tex. Pen. Code Ann. § 49.04(a),
49.09(b)(2) (Vernon 2006).  Appellant
pleaded guilty in October 2001 and was placed on community supervision for ten
years.  In March 2006, the State filed an
application to revoke Appellant’s community supervision alleging that he failed
to make payments as ordered, failed to report, and moved without notifying his
supervision officer.  A hearing was held,
and Appellant denied the allegations. 
The trial court found the allegations to be true and assessed punishment
at ten years of imprisonment in each case. 
This appeal followed.

 

Analysis
Pursuant to Anders v. California

            Appellant’s
counsel has filed a brief in compliance with Anders.  Counsel states that she has diligently
reviewed the appellate record and that she is well acquainted with the facts of
each of these cases.  In compliance with Anders
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel’s
brief presents a chronological summary of the procedural history of the case
and further states that counsel is unable to present any arguable issues for
appeal.

            We
have considered the brief submitted by Appellant’s counsel and have conducted
our own independent review of the record. 
See Anders, 386 U.S. at 745, 87 S. Ct. at 1400; see
also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L.
Ed. 2d 300 (1988).  We have found no
reversible error.  See Bledsoe v.
State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

 

Conclusion

            As
required, Appellant’s counsel has moved for leave to withdraw.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
After considering the record and the brief and having found no
reversible error, we affirm the judgment of the trial court and grant
Appellant’s counsel’s motion for leave to withdraw.

 

Opinion
delivered March 14, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)











[1] Appellant was given time to file his own brief
in this cause. The time for filing such a brief has expired, and we have
received no pro se brief.  The State
waived the filing of a brief.